[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2006
THOMAS K. KAHN
CLERK

No. 05-14855
Non-Argument Calendar
_____

BIA Nos. A96-282-224 & A96-282-225

ALEJANDRO EMILIO GARCIA-GONZALEZ,
YOSETTI MARIANA RODRIGUEZ-ARICHIKA,
MARIA ALEJANDRE GARCIA-RODRIGUEZ,

                                        Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                        Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

**(March 30, 2006)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Petitioners are natives and citizens of Venezuela. An Immigration Judge ("IJ") denied their applications for asylum, withholding of removal under the Immigration and Nationality Act ("INA") § 241(b)(3)(A), 8 U.S.C. 1231(b)(3), and relief under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c), and ordered their removal. The Board of the Immigration Appeals ("BIA"), adopting the IJ's decision, affirmed. They now petition this court for review.[1] Their petition presents these issues: whether we lack jurisdiction to review the application for asylum because it was untimely, and whether substantial evidence supports the IJ's finding that Garcia-Gonzalez failed to demonstrate eligibility for withholding of removal under the INA or relief under CAT. We address these issues in turn.

**I.**

Garcia-Gonzalez last entered the United States in 1996. He filed his application for asylum six years later, in 2002. The application was untimely; an alien must file an asylum application within one year of his arrival in the United States. INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). Nonetheless, "[a]n application for asylum of an alien may be considered . . . if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed

_____

[1] Petitioners are, respectively, a husband, Garcia-Gonzalez, wife and daughter. Because Garcia-Gonzalez is the lead petitioner and his wife and daughter are derivative applicants, for convenience we refer only to Garcia-Gonzalez in this opinion.

2

circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application . . . ." INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D).

The obstacle Garcia-Gonzalez faces is that INA § 208(a)(3), 8 U.S.C. § 1158(a)(3), divests this court of jurisdiction to review an administrative decision, such as the one at issue here, that the alien failed to comply with the one-year time limit or establish changed or extraordinary circumstances that would excuse his untimely filing. Mendoza v. U.S. Att'y General, 327 F.3d 1283, 1287 (11th Cir. 2003); Fahim v. U.S. Att'y. Gen., 278 F.3d 1216, 1217 (11th Cir. 2002). We therefore resolve the first issue against Petitioners and turn to the remaining issues.

## II.

Because the BIA, in affirming, expressly adopted the IJ's decision withholding removal and denying CAT relief, we review that decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent that the decision was based on a legal determination, we review it de novo. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). The IJ's factual determinations are reviewed under the substantial evidence test. We reject a factual finding "only when the record compels reversal; the mere fact that the record may support a contrary conclusion is not enough . . . ." Adefemi v.

3

Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 2245 (2005); see also INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . ."). In sum, we must affirm the decision before us if it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84.

An alien is entitled to withholding of removal under the INA if he can show that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. Mendoza v. U.S. Att'y General, 327 F.3d 1283, 1287 (11th Cir. 2003); see also INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). The alien bears the burden of demonstrating that it is "more likely than not" that he will be persecuted or tortured upon his return to the country in question. Fahim, 278 F.3d at 1218. This is a more stringent burden of proof than the burden of proof for asylum. Sepulveda v. U.S. Att'y General, 401 F.3d 1226, 1232 (11th Cir. 2005). If the alien establishes past persecution based on a protected ground, there is a rebuttable presumption that his life or freedom would be threatened upon return to his country. See Mendoza, 327 F.3d at 1287; see also 8 C.F.R..§ 208.16(b)(1)(i). An alien who has not shown past persecution, however, may still be entitled to withholding of removal if he can

4

demonstrate a future threat to his life or freedom on a protected ground. See 8 C.F.R. § 208.16(b)(2). An alien cannot demonstrate that his life or freedom would be threatened if the IJ finds that the alien could avoid a future threat to his life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so. Id. § 208.16(b)(2).

Although the INA does not expressly define "persecution" for purposes of qualifying as a "refugee," see INA § 101(a)(42), 8 U.S.C. § 1101(a)(42), we have observed that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation," Sepulveda, 401 F.3d at 1231 (quotations omitted). Menacing telephone calls and threats, for example, do not rise to the level of persecution. See id.

To obtain relief under CAT, the burden is on the applicant to establish that it is "more likely than not" he will be tortured in the country of removal. 8 C.F.R. § 208.16(c)(2). Torture is defined as:

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

5

Id. § 208.18(a)(1). Because the burden regarding CAT relief is higher than the asylum standard, a petitioner who fails to establish eligibility for asylum is usually unable to carry the burden regarding CAT relief. See Al Najjar, 257 F.3d at 1303-04.

Garcia-Gonzalez contends that the IJ erred in denying withholding of removal and CAT relief because there is a clear probability that, if returned to Venezuela, he will be persecuted by supporters of President Hugo Chavez, as demonstrated by the continued attacks against his father in Venezuela. Garcia-Gonzalez insists that Chavez supporters are everywhere in Venezuela and he could not safely relocate to another part of the country. He submits that the IJ also erred in denying CAT relief because the Venezuelan government has "turned a blind eye" to the violent activities of its supporters and the Venezuelan national guard.

We are not persuaded. In our view, the challenged decision is supported by substantial evidence. This means that the record does not compel reversal of the IJ's determination that Garcia-Gonzalez failed to establish past persecution.

Garcia-Gonzalez testified that in February 1992, during Hugo Chavez's attempted coup, he was stopped on the way to work at the airport by a group of six or seven men. They asked him about his work, his membership in the Democratic Action party, and political comments his parents had made. They threw his wallet on the ground, and when he went to pick it up, he was hit on the elbow and hand

6

with a stick. When he asked the men why they had attacked him, they made fun of his political affiliation and his job, which he had gotten through his parents' political connections. He said he received threatening phone calls for the next few weeks, and again after a second failed coup in November 1992. The phone calls and threats do not rise to the level of persecution. Sepulveda, 401 F.3d at 1231.

The claim of past persecution rests heavily on the February 1992 attack described above. It is unclear from his testimony that these men attacked him due to his or his family's political opinion as opposed to his job. Even if this attack was based on his political opinion, it appears to have been an isolated incident considering that he remained in Venezuela until 1996 and suffered no further attacks.

The record does not establish a future threat to Garcia-Gonzalez's life or freedom on a protected ground. In advancing his future threat claim, Garcia-Gonzalez relies – in addition to the February 1992 incident – on the fact that his father was detained and beaten in 2002 and has been attacked and threatened multiple times since then. This is the only evidence of threats he cites over the ten plus years since 1992. Garcia-Gonzalez fears that he will be attacked due to his father's political activities.[2] His father, however, still lives in Venezuela, despite the fact that he has a valid passport and visa to the United States.

_____

[2] His mother is deceased.

The record in this case does not compel reversal of the IJ's finding that Garcia-Gonzalez failed to demonstrate it was more likely than not that he would be persecuted if returned to Venezuela or that he could not avoid a future threat by relocating to another part of Venezuela. We therefore affirm the IJ's denial of withholding of removal.

The record also does not compel reversal of the IJ's denial of CAT relief. There is simply no evidence that, on his return to Venezuela, Garcia-Gonzalez would likely be subjected to violence "at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Thus, we affirm the denial of CAT relief as well.

**PETITION DENIED.**